UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

MARSHALL D'ARMOND COLEMAN                                                      PLAINTIFF

v.                                                              CIVIL ACTION NO. 4:10-CV-96-M

RIVER VALLEY BEHAVIORAL HEALTH, INC.                                           DEFENDANT

### MEMORANDUM OPINION AND ORDER

Defendant, River Valley Behavioral Health, Inc., has moved for summary judgment in its favor. For the following reasons, the Court will deny that motion.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In his complaint, Plaintiff alleged that he was a qualified individual who was excluded from participation in Defendant's drug rehabilitation program because of his disability. He asserts that medications he was on made him sleepy and he requested the reasonable accommodation of being allowed to sleep during non-therapy hours. For purposes of its summary-judgment motion, Defendant assumes that Plaintiff is disabled under the American with Disabilities Act (ADA). Defendant argues, however, that there was no violation of the ADA because there were no reasonable modifications in its policies and practices that would not have fundamentally altered the nature of its services. It asserts that "group therapy sessions are an integral part of River Valley's inpatient treatment program" whose goals cannot be accomplished without the participation of each patient. Defendant argues that "[a]llowing a patient to complete the program without participating would create chaos, decrease the

motivation of other patients, and decrease the facility's authority" and "fundamentally alter River Valley's treatment program." Defendant attaches no evidence to its summary-judgment motion in support of these assertions.

Plaintiff also alleged in his complaint that Defendant negligently failed to transport him to refill his blood pressure medication. With regard to Plaintiff's negligence claims, Defendant argues that Plaintiff cannot support his claims of inadequate medical care without expert testimony to that effect. Defendant appears to quote from a deposition of Plaintiff in which Plaintiff was questioned as to whether he had consulted with any experts. However, Defendant does not attach the relevant excerpts from what presumably was Plaintiff's sworn deposition testimony.

A party asserting that a fact cannot be genuinely disputed "must support the assertion by[] citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A). Moreover, "at summary judgment, parties must submit evidence that would be admissible at trial." *Lee v. EquiFirst Corp.*, No. 3:10-cv-809, 2011 WL 1584124, at *5 (M.D. Tenn. Apr. 25, 2011). Because Defendant has not properly supported its motion for summary judgment, that motion (DN 56) is **DENIED**.

However, Defendant may submit a properly supported motion for summary judgment **within 30 days** of entry of this Order. *See* FED. R. CIV. P. 56(e)(1). The Court notes that Plaintiff did not file a response to Defendant's motion for summary judgment. Plaintiff is hereby **REMINDED**, should Defendant file a properly supported motion for summary judgment, the

time for filing a response is 21 days from service of the motion and failure to do so may result in consideration of the motion without benefit of a response from Plaintiff.

Date: August 9, 2012

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Counsel of record
4414.009