UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:10-CV-00096-JHM

MARSHALL D'ARMOND COLEMAN                                    PLAINTIFF

V.

RIVER VALLEY BEHAVIORAL HEALTH, INC.                         DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment [DN 60]. Also before the Court is Defendant's Motion to Strike Plaintiff's Response [DN 76]. Fully briefed, this matter is ripe for decision. For the following reasons, Defendant's summary judgment motion is **GRANTED** and its motion to strike is **DENIED** as moot.

### I. BACKGROUND

On July 19, 2010, Plaintiff sued River Valley, alleging that it negligently failed to retrieve and administer the prescription medications he needed to treat his various medical conditions. In his complaint, Plaintiff also alleges that River Valley failed to reasonably accommodate him, as required by the Americans with Disabilities Act, by refusing to let him take naps during non-group hours. On July 1, 2012, River Valley moved this Court to enter summary judgment due to Plaintiff's failure to retain an expert witness to support his medical negligence claim. River Valley also sought an entry of summary judgment based on its alleged inability to modify its program to accommodate Plaintiff's disability without fundamentally altering its program.

On January 23, 2013, the Court granted River Valley partial summary judgment on Plaintiff's negligence claim but reserved the ADA claim for additional review. Upon noting that Plaintiff does not have a viable claim for money damages under the ADA, the Court ordered the

parties to submit simultaneous briefs regarding the remedies to which Plaintiff is entitled. (Mem. Op. & Order [DN 70].) The parties filed their respective briefs.[1] The Court considers the parties' arguments below.

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find

---

[1] The Court notes that it requested the parties to submit simultaneous briefs by February 1, 2013 and simultaneous responses by February 11, 2013. However, Plaintiff's response was untimely, as it was filed one day late. (Pl.'s Resp. Brief [DN 75].) River Valley has filed a motion to strike this response. This motion is discussed below.

for the [non-moving party]." Anderson, 477 U.S. at 252.

### III. DISCUSSION

**A. PLAINTIFF'S ADA CLAIM & RIVER VALLEY'S MOTION FOR SUMMARY JUDGMENT [DN 60]**

In 1990, Congress enacted the ADA to provide a broad, national mandate for the elimination of discrimination against persons with disabilities. PGA Tour, Inc. v. Martin, 532 U.S. 661, 674–75 (2001). The ADA "forbids discrimination against disabled individuals in major areas of public life, among them employment (Title I of the Act), public services (Title II), and public accommodations (Title III)." Id. at 675. As a general rule, Title III of the ADA states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who . . . operates a place of public accommodation." 42 U.S.C. § 12182(a).

In this case, whether River Valley violated the ADA depends on a proper construction of the term "discrimination." Title III defines it to include "a failure to make reasonable modifications in policies, practices, or procedures" when the modifications are necessary to provide services to those with disabilities. 42 U.S.C. § 12182(b)(2)(A)(ii). An entity is **not** required to make modifications **if** it can "demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." Id. The Supreme Court has held that "an individualized inquiry must be made to determine whether a specific modification for a particular person's disability would be reasonable under the circumstances as well as necessary for that person, and yet at the same time not work a fundamental alteration." Martin, 532 U.S. at 688. However, before the Court can address the parties' arguments regarding the existence of an ADA violation, it must first determine whether Plaintiff has standing to assert a claim for injunctive

3

relief. After considering the parties' respective briefs on the matter, the Court finds that he does not.

To establish standing, a plaintiff must demonstrate that: (1) he suffered an "injury in fact," which is "an invasion of a legally protected interest" that is "(a) concrete and particularized and (b) actual or imminent, not 'conjectural' or 'hypothetical'"; (2) there is a causal connection between the injury and the challenged conduct; and (3) it is "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992) (citations omitted). An abstract injury is not sufficient. City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). Rather, a plaintiff must show that he "has sustained or is immediately in danger of sustaining some direct injury" as the result of the challenged conduct. Id. at 102.

Where a plaintiff seeks injunctive relief, as in this case, he must show that there is a non-speculative imminent threat of repeated injury to establish that there is injury in fact. Lyons, 461 U.S. at 111. Indeed, past exposure to illegal conduct "does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." O'Shea v. Littleton, 414 U.S. 488, 495–96 (1974); accord Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (noting that "[b]ecause injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury") (emphasis in original).

Neither the Supreme Court nor the Sixth Circuit has addressed standing issues in Title III ADA cases comparable to the case *sub judice*. However, numerous district courts and other circuits have done so. These courts have held that in the ADA context, a plaintiff must establish a likelihood of returning to the defendant's business to demonstrate a real threat of future harm. See, e.g., Steger

4

v. Franco, Inc., 228 F.3d 889, 893 (8th Cir. 2000); Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1137–38 (9th Cir. 2002); Molski v. Arby's Huntington Beach, 359 F. Supp. 2d 938, 946 (C.D. Cal. 2005). In this case, Plaintiff has failed to establish such a likelihood. Thus, he has no standing.

The Court's conclusion is supported by Davis v. Flexman, 109 F. Supp. 2d 776 (S.D. Ohio 1999). In that case, a hearing-impaired plaintiff claimed that the clinic where she received marital counseling violated her rights under Title III of the ADA based on its refusal to provide her a sign language interpreter. Id. at 780–81. The court concluded that the plaintiff lacked standing, noting:

> Davis lacks standing to seek injunctive relief under Title III of the ADA. Neither Julia nor Steven Davis currently visits the Flexman Clinic, and they do not intend to return in the future.
>
> . . . None of the evidence currently before the Court . . . suggests that she faces a real and immediate threat of future discrimination at the Flexman Clinic. Absent some evidence indicating that the Davises are likely to resume marital counseling at the Clinic, Davis lacks standing to seek injunctive relief.

Id. At 784. As River Valley correctly highlights, Plaintiff has similarly failed to allege that he intends to return to River Valley for substance abuse treatment. In fact, Plaintiff testified in his deposition that he has been sober since 2006, (Dep. of Marshall D. Coleman [DN 60-3] 37), and if this is true, it is unlikely that Plaintiff would need additional rehabilitation. Further, Plaintiff testified that he would be released on parole after his minimum serve-out date in June 2012, (id. at 30), and since his sentence is now complete, it is unlikely that he will be required to complete another court-ordered rehabilitation program. Because Plaintiff has not stated that he intends to re-enroll in River Valley, he has not established a real threat of future harm. He thus lacks standing to seek injunctive relief.

Plaintiff suggests that by denying him standing, the Court misconstrues the nature of Title III actions. In this regard, Plaintiff highlights that some courts have taken a broader view on standing by holding that a plaintiff "need not engage in the futile gesture of visiting an accommodation she

5

knows to be discriminating against her in order to establish standing." Betancourt v. Ingram Park Mall, L.P., 735 F. Supp. 2d 587, 602 (W.D. Tex. 2010). What Plaintiff fails to recognize, however, is that these courts have nonetheless held that "the risk of injury in fact is not speculative so long as the alleged discriminatory barriers remain in place, the plaintiff remains disabled, *and the plaintiff is 'able and ready' to visit the facility once it is made compliant*." Id. at 604 (emphasis added). In this case, Plaintiff has simply not shown that he is "able and ready" to again visit River Valley's facility. Indeed, due to the nature of River Valley's services, this case is inapposite to cases such as Bentancourt, which involved visiting facilities with architectural barriers. The Court does not believe that its denial of standing misconstrues the nature of Title III actions.

Other federal courts have reached similar results. See, e.g., Atakpa v. Perimeter OB-GYN Assocs., 912 F. Supp. 1566, 1574 (N.D. Ga. 1994) (finding that the plaintiff lacked standing to seek an injunction under the ADA because she did not allege that she would "ever seek services from defendants in the future"); Aikins v. St. Helena Hosp., 843 F. Supp. 1329, 1333–34 (N.D. Cal. 1994) (finding no standing for ADA injunctive relief because the plaintiff "has shown neither that she is likely to use the hospital in the near future, nor that defendants are likely to discriminate against her when she does use the hospital"); Hoepfl v. Barlow, 906 F. Supp. 317, 323 (E.D. Va. 1995) (holding that "a plaintiff who cannot demonstrate a likelihood that she will ever again suffer discrimination at the hands of a defendant, even one who has discriminated against her in the past, does not have standing to obtain an injunction under the ADA"). Accordingly, River Valley's motion for summary judgment on Plaintiff's ADA claim is **GRANTED**.

Plaintiff also suggests, without any authority, that "summary judgment would be improper even if attorney's fees were the only damage to which the Plaintiff was entitled . . . ." (Pl.'s Brief of Damages to Which He is Entitled [DN 73] 5.) The Court finds, however, that Plaintiff is mistaken. The ADA permits courts to award attorneys' fees to the "prevailing party." See 42 U.S.C.

§ 12205. Thus, to establish his eligibility for fees, Plaintiff must demonstrate that he is a "prevailing party." In Hewitt v. Helms, the Supreme Court held that "[r]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." 482 U.S. 755, 760 (1987). Thereafter, the Court redefined the definition of prevailing party, stating that "at a minimum, to be considered a prevailing party . . . the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792 (1989).

In this case, Plaintiff is not a prevailing party given his lack of standing. See Disabled Patriots of Am., Inc. v. Taylor Inn Enters., Inc., 424 F. Supp. 2d 962, 965 (E.D. Mich. 2006) (noting that in situations where judgment is entered for the defendants based on issues of standing, the *defendants* were prevailing parties). Accordingly, Plaintiff is not entitled to attorneys' fees.

### B. MOTION TO STRIKE PLAINTIFF'S RESPONSE [DN 76]

River Valley has moved to strike Plaintiff's responsive brief, as it was untimely. In its motion to strike, River Valley also suggests that the brief should be stricken because it was, in effect, a reply to River Valley's response, rather than a simultaneously-submitted response as directed by the Court. Since the Court finds that Plaintiff lacks standing, River Valley's motion is **DENIED** as moot.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that River Valley's Motion for Summary Judgment [DN 60] is **GRANTED** as to the ADA claim. It is **FURTHER ORDERED** that River Valley's Motion to Strike Plaintiff's Response [DN 76] is **DENIED** as moot.

cc: counsel of record

Joseph H. McKinley, Jr., Chief Judge
United States Distr February 21, 2013